[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10926
Non-Argument Calendar

_____

D.C. Docket No. 4:95-cr-00123-WTM-CLR-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR LEE BROWN, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 19, 2020)

Before WILLIAM PRYOR, Chief Judge, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Oscar Brown Jr., a federal prisoner, petitions for rehearing. We grant the

petition, vacate our earlier opinion, and substitute for it the following opinion.

Brown appeals *pro se* the denial of his fourth motion to reduce his sentence. 18 U.S.C. § 3582(c). Brown requested a reduction based on the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. We vacate and remand.

In 1995, a jury found Brown guilty of conspiring to distribute crack cocaine and cocaine hydrochloride. 21 U.S.C. § 846. Brown had a base offense level of 38, United States Sentencing Guidelines Manual § 2D1.1 (1994), based on the undisputed statement in his presentence investigation report that he was responsible for at least 1.5 kilograms of cocaine base. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes."). After Brown received increases for being an organizer or leader of the conspiracy, U.S.S.G. § 3B1.1(a), for possessing a firearm, *id.* § 2D1.1(b)(1), and for obstruction of justice, *id.* § 3C1.1, he had a total offense level of 46. Brown faced a statutory sentencing range of 20 years to life imprisonment, 21 U.S.C. §§ 841(b)(1)(A), 851, and, with a criminal history category of IV, a guideline range of life imprisonment. The district court sentenced Brown to imprisonment for life.

Brown made several attacks on his sentence. He argued on direct appeal that his sentence violated the Sixth Amendment based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which the Supreme Court decided while his appeal was pending.

*United States v. Brown*, No. 95-9422, slip op. at 7–8 (11th Cir. Feb. 5, 2001). We concluded "that the *Apprendi* . . . error did not affect any of Brown's substantial rights" when he never disputed "the quantity of crack cocaine attributable to him," and, even if he had, "the failure to submit that issue to the jury . . . would be harmless beyond a reasonable doubt" because "[n]o reasonable jury could have found Brown guilty of the conspiracy offense, as to which the evidence was overwhelming, without also attributing responsibility to him for conspiring to distribute more than 50 grams of cocaine base." *Id.* at 14–15. Later, Brown moved, without success, to vacate his conviction, 28 U.S.C. § 2255, and to reduce his sentence on three occasions, 18 U.S.C. § 3582(c).

In 2019, Brown filed this fourth motion to reduce his sentence. *Id.* Brown argued that his sentence to imprisonment for life was "valid but unfair and disparate" to the sentences imposed on his coconspirators. He also argued that he was entitled to a lesser sentence because no "specific drug amount . . . [was] charged" in his indictment and because of his post-imprisonment rehabilitation. The district court summarily denied Brown's motion on the ground he "[did] not qualify for a reduced sentence under the First Step Act because the Act does not alter his guideline range." *See* 18 U.S.C. § 3582(c)(2).

We review *de novo* whether a district court had the authority under the First Step Act to modify a term of imprisonment. *United States v. Jones*, No. 19-11505,

2020 WL 3248113, at *3 (11th Cir. June 16, 2020). We recently held that the First Step Act grants a district court the authority to modify a term of imprisonment if the movant was sentenced for a "covered offense," which is an offense that "triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)" of Title 21. *Id.* at *7. Because Brown was sentenced for a covered offense, the district court had the authority to modify his sentence in the exercise of its discretion. By concluding that Brown was ineligible for relief, the district court erred. *See id.* at *11.

We **VACATE** the order denying Brown's motion and **REMAND** for reconsideration in the light of our opinion in *Jones*.